Jose Orellana COTO, Petitioner,

v.

Loretta E. LYNCH, Attorney
General, Respondent.

No. 13–74098.

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2016.*

Filed March 25, 2016.

Richard Miyamoto, Phung, Miyamoto &
Diaz, LLP, Los Angeles, CA, for Petition-
er.

Tiffany L. Walters, Trial, OIL, Anthony
Cardozo Payne, Senior Litigation Counsel,
Lindsay Williams Zimliki, DOJ–U.S. De-
partment of Justice, Washington, DC,
Chief Counsel ICE, Office of the Chief
Counsel Department of Homeland Securi-
ty, San Francisco, CA, for Respondent.

Before: GOODWIN, LEAVY and
CHRISTEN, Circuit Judges.

MEMORANDUM **

Jose Orellana Coto, a native and citizen
of El Salvador, petitions for review of the
Board of Immigration Appeals' ("BIA")
order dismissing his appeal from an immi-
gration judge's decision denying his appli-
cation for withholding of removal and pro-
tection under the Convention Against
Torture ("CAT"). We have jurisdiction
under 8 U.S.C. § 1252. We review for

* The panel unanimously concludes this case is
suitable for decision without oral argument.
See Fed. R.App. P. 34(a)(2).

substantial evidence the agency's factual
findings. Silaya v. Mukasey, 524 F.3d
1066, 1070 (9th Cir.2008). We deny the
petition for review.

Substantial evidence supports the BIA's
determination that even if Orellana Coto
was credible, he failed to establish past
persecution or a clear probability of future
persecution on account of a protected
ground. See Parussimova v. Mukasey,
555 F.3d 734, 741 (9th Cir.2009) (under the
REAL ID Act, "to demonstrate that a
protected ground was 'at least one central
reason' for persecution, an applicant must
prove that such ground was a cause of the
persecutors' acts"). Thus, Orellana Coto's
withholding of removal claim fails. See
Zetino v. Holder, 622 F.3d 1007, 1016 (9th
Cir.2010).

Substantial evidence also supports the
BIA's denial of Orellana Coto's CAT claim
because he failed to establish it is more
likely than not he would be tortured by or
with the consent or acquiescence of the
government if returned to El Salvador.
See Silaya, 524 F.3d at 1073. We reject
Orellana Coto's contention that the BIA
did not consider his claim properly.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.